UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leslie C. Hunt, # *316022*<br>*a.k.a. Leslie C. Hunt, Leslie Centel Hunt,*<br>*Jr., and Leslie Centell Jr. Hunt.*<br><br>                    Plaintiff,<br><br>vs.<br><br>Lt. Wilson, Sumter Lee Regional Detention Center; Major Simon; Unknown Staff; SLRDC Headquarters *and etc.*,<br><br>                    Defendants. | C/A No. 2:12-3336-JFA-BHH<br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, Leslie C. Hunt, ("Plaintiff"), a state prisoner in the Kershaw Correctional Institution of the South Carolina Department of Corrections ("SCDC") in Kershaw, South Carolina, files this action against Defendants, pursuant to 42 U.S.C. § 1983, seeking monetary damages and injunctive relief.[1] Plaintiff is proceeding *pro se* and *in forma pauperis*, pursuant to 28 U.S.C. §§ 1915 and 1915A. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the Court. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

prejudice and without issuance and service of process, because it fails to state a plausible claim on which relief may be granted by this Court.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

On November 21, 2012, Plaintiff filed a two-page handwritten letter entitled "this is a new case," which was docketed as the Complaint in this case. In his letter, Plaintiff states:

> I was made a sex offender in the newspaper also on the web I was shame in front of millions. I was damage badly phyically [sic] and mentally then sentence to do 12 years in prison. . . . I received final determination by the Court of Sumter County not guilty in the matter of my case on 2-01-30-2012 [sic] I complain in the courts and I was found not guilty in results I received and took 12 years a plea.

2

ECF No. 1, p. 1.  On page two of his letter, Plaintiff alleges:

> I was giveing [sic] 12 years found not guilty.  Took a deal plea Defendant press chargest [sic] on me I didn't hear nothing from Major Simon, or SLRDC Headquarters, staff, and etc. to have chargest exspunged [sic] I was lockdown 1-29-2012 until now SLRDC, Kirkland, Kershaw. . . Relief exspunged chargest, set chargest [sic] on defendants, for entrapment, imprisonment grant me payments from defendants for lost time damagest, mental damage, phyical damage. [sic] Disability coverage.  The days spent in jail and in prison and lost money.

ECF No. 1, p. 2.

Plaintiff did not pay the filing fee or submit a Motion for Leave to Proceed *in forma pauperis* with his letter, nor did Plaintiff submit proposed service documents for the Defendants.  By Order dated November 27, 2012 (ECF No. 6), Plaintiff was given a specific time frame in which to bring the case into proper form.  In an attempt to clarify the facts and circumstances surrounding Plaintiff's allegations, Plaintiff was also directed to complete a state prisoner complaint form.  In order to preserve issues and give liberal construction to the pleadings, the state prisoner complaint form was ordered to be attached to Plaintiff's original letter, to form one document designated as the Complaint in this case.  On December 10, 2012, Plaintiff complied with the Court's Proper Form Order.

Plaintiff's state prisoner complaint form (ECF No. 1-2) describes the issues that Plaintiff is attempting to litigate in this case as "perjury."  ECF No. 1-2, p. 1.  Plaintiff's only elaboration on the facts alleged in his previous letter is as follows:

> Unknown staff work for Simon Major and take orders from Lt. Wilson they all are hired by Sumter Lee Regional Detention Center Headquarter in the month of February 2012 in Sumter County Courtroom ruleings found me not in the wrong by the defendants that made false statements in court. That has a sex charge on my records.

ECF No. 1-2, p. 3.  As to the relief he seeks, Plaintiff alleges:

> Grant me from the defendants A statement of regret having done wrong hurting someone $2,500 for pain $3,500 for suffering 4,000 for having picture taking and place online $500.00 for the mental stress $100.00 for the humiliation from staff.  Pay all court fees by defendants A class action lawsuit if demands or not granted. $1,000 for exspungment fees.

ECF No. 1-2, p. 4.

According to the SCDC Incarcerated Inmate Search website, Plaintiff is currently serving a 12-year sentence for burglary second degree and other offenses, with a sentence start date of May 10, 2011, and an SCDC admission date of February 24, 2012. *See* https://sword.doc.state.sc.us/scdc-public/ (last visited Jan. 15, 2013).[2]  According to the Sumter County Third Judicial Circuit Public Index, Plaintiff was charged with indecent exposure in case no. M444616/indictment no. 2012-GS-43-370 (arrest date: 01/19/2012; waiver date: 02/15/2012).  Online records of the Sumter County General Sessions Court indicate that Plaintiff was represented by Susan Elaine Cook of the Public Defender's Office, and that Plaintiff pled guilty to the charge on February 15, 2012 and was sentenced to "2 yrs., conc., cts." *See* http://publicindex.sccourts.org/sumter/publicindex/PISearch.aspx

---

[2]  The undersigned takes judicial notice of information concerning Plaintiff's sentence and institutional assignment located on SCDC's official website.  *See In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

(last visited Jan. 15, 2013).³  The Sumter County Third Judicial Circuit Public Index shows that Plaintiff also pled guilty to seventeen (17) other charges on February 15, 2012.  *Id.*

## DISCUSSION

To the extent that Plaintiff seeks relief for his alleged wrongful state court conviction as a sex offender, Plaintiff's Complaint is subject to summary dismissal because a cause of action has not yet accrued.  With respect to actions filed pursuant to § 1983, such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the United States Supreme Court stated, in *Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.  Thus, the United States Supreme Court has ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief, writ of habeas

---

³ The undersigned takes judicial notice of Plaintiff's prior state court criminal proceedings.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records."); *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding).

corpus, or otherwise, any civil rights action based on the conviction and related matters will be barred.

Plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and this Court's records show that no federal writ of habeas corpus has been issued.[4] While Plaintiff alleges that "in the month of February 2012 in Sumter County Courtroom ruleings found me not in the wrong by the defendants that made false statements in court," ECF No. 1-2, p. 3, Plaintiff further alleges that he "has a sex charge on my records." *Id.* As noted above, the Sumter County Third Judicial Circuit Public Index clearly shows that Plaintiff pled guilty and was convicted of indecent exposure (indictment no. 2012-GS-43-370) on February 15, 2012 and was sentenced to two years imprisonment, concurrent with his burglary sentence and other sentences imposed on Plaintiff by the same court. Plaintiff also confusingly and contradictorily alleges "I received final determination by the Court of Sumter County not guilty in the matter of my case on 2-01-30-2012 [sic] I complain in the courts and I was found not guilty in results I received and took 12 years a plea. . . . I was giveing [sic] 12 years found not guilty. Took a deal plea Defendant press chargest [sic] on me I didn't hear nothing from Major Simon, or SLRDC Headquarters, staff, and etc." ECF No. 1, p. 1-2.

If Plaintiff were to succeed in this § 1983 action Plaintiff's guilty plea and conviction for indecent exposure would necessarily be rendered illegal. Accordingly, the undersigned concludes that a judgment in favor of Plaintiff in this action would imply the invalidity of his conviction. However, Plaintiff has not shown that he has successfully challenged his state

---

[4] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (district court clearly had the right to take notice of its own files and records).

6

court conviction. Plaintiff is currently incarcerated in SCDC. The Sumter County Third Judicial Circuit Public Index does not show that Plaintiff has filed a direct appeal or a post-conviction relief application that has resulted in the reversal of his conviction. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). Here, Plaintiff's Complaint fails to show the necessary element that Plaintiff's conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus [pursuant to] 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. The Court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006); *see also Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009) (citing *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999)). Thus, Plaintiff cannot show a constitutional injury and cannot state a cognizable § 1983 claim at this time against any of the named Defendants in this case. Plaintiff's Complaint should be dismissed because it fails to state a plausible § 1983 claim.

Additionally, to the extent that Plaintiff seeks monetary damages and an apology from Defendants who allegedly "made false statements in court" against Plaintiff, Plaintiff

7

cannot pursue a civil action against them under 42 U.S.C. § 1983 based on their alleged perjury. It is well settled in this circuit that a person who testifies in any judicial proceeding relating to a plaintiff's conviction has absolute immunity in an action for damages brought under § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 327-46 (1983) (declining to carve out an exception to the general rule of witness immunity for alleged perjury by police officer witnesses in criminal proceeding); *Burke v. Miller*, 580 F.2d 108, 109 (4th Cir. 1978) (noting that witness who takes stand at instance of prosecution is absolutely immune from liability for § 1983 damages), cert. denied, 440 U.S. 930 (1979). A rule of absolute witness immunity has been adopted by the majority of circuits. See *Charles v. Wade*, 665 F.2d 661 (5th Cir. 1982) (police officer witness; § 1983 suit); *Myers v. Bull*, 599 F.2d 863, 866 (8th Cir. 1979) (police officer witness; § 1983 suit); *Blevins v. Ford*, 572 F.2d 1336 (9th Cir. 1978) (private witnesses and former assistant U.S. attorney; action under §1983 and the Fifth Amendment); *Brawer v. Horowitz*, 535 F.2d 830, 836-37 (3d Cir. 1976) (lay witness in federal court; Bivens action). Following the United States Supreme Court's decision in *Briscoe*, most circuits have also rejected § 1983 claims alleging that the defendants who were testifying witnesses were not entitled to absolute immunity because they were engaged in a conspiracy with each other or with the prosecutor to offer perjurious testimony in a criminal case against the plaintiff. *See Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir. 2000) (involving allegation of conspiracy between two testifying witnesses); *Hunt v. Bennett*, 17 F.3d 1263, 1267-68 (10th Cir. 1994) (holding prosecutor and police officer witness absolutely immune from claim of conspiracy to present false testimony); *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam) (rejecting conspiracy claim and pointing out that plaintiff's conspiracy allegations were "conclusory"); *McArdle v. Tronetti*,

961 F.2d 1083, 1085-86 (3d Cir. 1992) (involving testifying witnesses); *House v. Belford*, 956 F.2d 711, 720-21 (7th Cir. 1992) (rejecting claim of conspiracy between prosecutor and testifying witness on ground of absolute immunity); *Miller v. Glanz*, 948 F.2d 1562, 1570-71 (10th Cir. 1991) (rejecting claim for conspiracy among testifying witnesses); *Alioto v. City of Shively*, 835 F.2d 1173, 1174 & n. 1 (6th Cir. 1987) (same).

To the extent that Plaintiff attempts to state a malicious prosecution-type claim, pursuant to § 1983 or state tort law, Plaintiff must demonstrate that the criminal proceeding against him terminated in his favor. *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005) (§ 1983 claim for malicious prosecution incorporates the common law element of favorable termination to state a cause of action). *See Lambert v. Williams*, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000); *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist). The "sex charge," *i.e.* indecent exposure, of which Plaintiff was convicted obviously did not terminate in his favor. Consequently, Plaintiff's Complaint fails to state a plausible malicious prosecution-type claim and should be summarily dismissed.

To the extent that Plaintiff's Complaint alleges any other state-law claims, such causes of action may only be heard in federal court where there is diversity of citizenship among the parties or where there is supplemental jurisdiction based on other viable federal claims.[5]  *See Ysais v. Richardson*, 603 F. 3d 1175, 1179 (10th Cir. 2010); *Good v. City of*

---

[5] Clearly, there is no basis for diversity jurisdiction in the instant case. All parties are alleged to be citizens and residents of South Carolina. *See* ECF No. 1-2, p. 2; ECF

*Sunbury*, 352 F. Appx. 688, 689-90 (3d Cir. 2009); *see also Quint v. Village of Deerfield*, No. 07-C 5413, 2010 WL 675565, * 1 (7th Cir. Feb. 26, 2010).  Because Plaintiff's federal claims under § 1983 should be dismissed in this case, the Court should decline to exercise supplemental jurisdiction over any state law claims that Plaintiff asserts against Defendants.  Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch."  David D. Siegel, *Commentary on 1990 Revision*, *appended to 28 U.S.C.A. § 1367* (West 1993).  Title 28 U.S.C. § 1367(c)(3) recognizes that, once that crutch is removed, the remaining state claims should not be adjudicated.  *See Lovern v. Edwards*, 190 F. 3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

Specifically with respect to Plaintiff's allegation that he "was made a sex offender in the newspaper also on the web [and he] was shame[d] in front of millions," ECF No. 1, p. 1, the United States Supreme Court has held that an individual cannot claim a constitutionally protected interest in his or her reputation, *Siegert v. Gilley*, 500 U.S. 226, 233 (1991), thus allegations of defamation alone do not suffice to form a § 1983 claim.  *See Paul v. Davis*, 424 U.S. 693 (1976).  Defamation is only actionable under § 1983 if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or protected by the Constitution.  *Clark v. Township of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12).  Such cases implicate the constitutional guarantee of due process.  *Id.*  Courts have labeled the showing required to bring a § 1983 claim for defamation "stigma plus."  *See e.g., Defeo v. Sill*, 810 F.Supp. 648,

---

No. 11.

656 (E.D.Pa. 1993) ("Unless coupled with a tangible injury such as a loss of employment or extinction of a vested right recognized by state law, defamation by state officials is not actionable under Section 1983").  The Fourth Circuit, in a recent unpublished opinion, *Evans v. Chalmers*, Nos. 11-1436, 1438, 1453, 1458, 1460, 1465, 2012 U.S. App. LEXIS 25660 (4th Cir. Dec. 17, 2012) reaffirmed that "a plaintiff bringing a 'stigma-plus' claim under *Paul* must allege both a stigmatic statement and a 'state action that distinctly altered or extinguished' his legal status."  *Evans*, 2012 U.S. App. LEXIS 25660 at *40 (citing *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 315 (4th Cir. 2012) (quoting *Paul*, 424 U.S. at 711)).  However, the parties in *Evans* disputed whether a Fourth Amendment violation constituted a cognizable "stigma plus" under *Paul* and, because the Fourth Circuit held that the plaintiffs in *Evans* failed to state a Fourth Amendment claim, the Fourth Circuit did not reach this question.  The instant case is in the same posture as the *Evans* case.  Plaintiff's alleged predicate constitutional violation, *i.e.* Plaintiff's claim of wrongful conviction and imprisonment, fails to state a viable § 1983 claim.  Therefore, any possible "stigma plus" defamation claim also fails because Plaintiff cannot yet establish the necessary "stigma plus."  It is well settled that civil rights statutes, such as § 1983, do not impose liability for violations of duties of care arising under a state's tort law.  *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-03 (1989).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss Plaintiff's Complaint, without prejudice and without issuance and service of process.  Plaintiffs' attention is directed to the important notice on the next page.

January 22, 2013  s/Bruce Howe Hendricks  
Charleston, South Carolina  United States Magistrate Judge

January 22, 2013  s/Bruce Howe Hendricks  
Charleston, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).