IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leslie C. Hunt, | ) | C/A No.: 2:12-3336-JFA-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Lt. Wilson; Sumter Lee Regional Detention Center; Major Simon; Unknown Staff; SLRDC Headquarters, etc., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) ) | |

The *pro se* plaintiff, Leslie C. Hunt, brings this action pursuant to 42 U.S.C. § 1983 Hunt is an inmate with the South Carolina Department of Corrections. After allowing the plaintiff time to clarify and resubmit his *pro se* complaint, the Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should summarily dismiss the action. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation and he filed timely objections thereto. Thus, this matter is ripe for review.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

This case began as a two-page handwritten letter complaining about various criminal charges brought against the plaintiff in Sumter County. It was not clear from plaintiff's initial handwritten letter whether he is complaining that he is being incarcerated after having been found not guilty, or whether he contends that he is in fact not guilty of the charge and was convicted based on perjured testimony. The revised complaint appears, to this reader at least, to concede that the plaintiff has been convicted, but contends that the plaintiff was convicted based on "false statements" in court. The plaintiff also refers to a "sex charge on my records."

Here, the Magistrate Judge properly determined that this action is subject to summary dismissal because the plaintiff's right of action has not accrued. This is because the plaintiff's conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

The Magistrate Judge observes that if the plaintiff were to succeed in this § 1983 action seeking damages and injunctive relief, the plaintiff's guilty plea and conviction for indecent exposure would necessarily be rendered illegal. Thus, a judgment in favor of the plaintiff would imply the invalidity of his underlying conviction. *Heck* does not allow a lawsuit to go forward in such circumstances.

The Magistrate Judge also opines that the plaintiff cannot maintain an action against witnesses who allegedly made false statements in court against him because it is well settled in this Circuit that a person who testifies in any judicial proceeding relating to a plaintiff's

2

conviction has absolute immunity in an action for damages brought under § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 327–46 (1983).

The Magistrate Judge further opines that to the extent plaintiff attempted to state a malicious prosecution-type claim pursuant to § 1983, the plaintiff must demonstrate that the criminal proceeding against him terminated in his favor. This the plaintiff cannot do.

Finally, to the extent the plaintiff has made an allegation that he was "shamed in front of millions" when he was placed on the sex offender registry or when his case was reported in the newspaper, the Magistrate Judge cites well settled authority that such a claim is not actionable under § 1983. The Magistrate Judge points out that defamation in this situation is only actionable under § 1983 if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or protected by the Constitution. Courts have labeled the showing required to meet this standard as "stigma plus." Plaintiff cannot make this allegation under applicable federal pleading standards.

In response to the Magistrate Judge's Report and Recommendation, the plaintiff has filed a one-page document suggesting that he has now filed a state post-conviction relief action. He does not contend that this action has been concluded in his favor. The mere pendency of a state PCR proceeding does not cure the problem cited by the Magistrate Judge in relying on *Heck v. Humphrey*.

Accordingly, the objections are overruled; the Report and Recommednation is incorporated herein by reference; and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

August 19, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

4